IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>        Plaintiff,<br><br>    vs.<br><br>ESPERANZA CARMEL COMMERCIAL, LLC; ALEC ELZAFON; DEVORIT ELZAFON,<br><br>        Defendants | **Case No.** 25-cv-9183<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER ("Plaintiff") complains of ESPERANZA CARMEL COMMERCIAL, LLC; ALEC ELZAFON; DEVORIT ELZAFON ("Defendants") as follows:

***INTRODUCTION***

1.    The Americans with Disabilities Act ("ADA"), enacted over thirty-five years ago, stands as the most significant civil rights legislation in our nation's history for individuals with disabilities. California's civil rights protections for persons with disabilities have existed for more than five decades. A principal objective of the ADA is to ensure the full integration of

individuals with disabilities into the economic and social fabric of the nation. 42 U.S.C. § 12101(a). Despite this long-standing mandate, Defendants, the owners, operators, lessors, and/or lessees of a public accommodation and business establishment located at Dolores between Ocean and, 7th Ave, Carmel-By-The-Sea, CA 93921, have failed to provide persons with disabilities, including Plaintiff, with full and equal access to their goods and services, in violation of Title III of the ADA. In doing so, Defendants have also violated California's civil rights laws, including, but not limited to, Title 24, Part 2 of the California Code of Regulations, the Unruh Civil Rights Act ("Unruh Act"); the California Disabled Persons Act ("DPA"); and the California Health and Safety Code.

2. As a direct result of Defendants' discriminatory acts and omissions, Plaintiff has suffered and will continue to suffer harm, including being deterred and/or prevented from accessing and using Defendants' goods, services, and facilities on an equal basis with his non-disabled peers. Through this action, Plaintiff seeks to eliminate the physical barriers and discriminatory policies that impede "full and equal" access to Defendants' public facilities, as required by law. Plaintiff further seeks compensation for the difficulties, discomfort, and embarrassment he has endured as a result of Defendants' unlawful discrimination.

### *JURISDICTION AND VENUE*

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under the Unruh Act, DPA, and the Health & Safety Code.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

5. **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's claims arose in this intradistrict.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

## *PARTIES*

2      6.      Plaintiff is, and at all times relevant to this action was, an individual with a

3  physical disability as defined under federal and state law. He is substantially limited in his ability

4  to walk due to progressive peripheral neuropathy, a condition that damages the peripheral nerves.

5  The effects of this condition worsened following a work-related back injury, causing increasing

6  weakness and numbness in his hands, arms, legs, and feet. These impairments substantially

7  limited Plaintiff's major life activities, including walking and performing tasks that require fine

8  motor skills. As a result, Plaintiff uses a wheelchair or motorized scooter for mobility in public.

9      7.      At all times relevant to this Complaint, Defendants are and were the owners,

10  operators, lessors, and/or lessees of the subject business, property, and buildings located at

11  Dolores between Ocean and, 7th Ave, Carmel-By-The-Sea, CA 93921 (APN 010-146-009-000)

12  known as The American Gallery (hereinafter, the "The American Art Gallery" or "The Gallery").

13      8.      Plaintiff is informed and believes, and on such information alleges, that at all

14  times mentioned here, Defendants, and each of them, were the agents, servants, employees, and

15  representatives of each of the other Defendants, and performed all acts and omissions stated here

16  within the scope of such agency or employment or representative capacity, and/or as part of a

17  joint venture and common enterprise with one or more of the other Defendants, and are

18  responsible in some manner for the acts and omissions of the other Defendants in proximately

19  causing the injuries complained of here. All actions alleged here were done with the knowledge,

20  consent, approval, and ratification of each of Defendants here, including their managing agents,

21  owners, and representatives.

22

## *FACTUAL ALLEGATIONS*

23      9.      The Gallery is a facility open to the public, a place of public accommodation, and

24  a business establishment.

25      10.      On October 6, 2025, Plaintiff was in Carmel-by-the-Sea during the mid-afternoon

26  as part of a multi-day trip to the Monterey Bay area. Earlier that day, Plaintiff had visited the

27  Monterey Bay Aquarium, where he holds an annual membership, before continuing to Carmel

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

3

to explore local art galleries and shops. Carmel has long been known for its art scene, and visiting galleries is one of the highlights of any trip that Plaintiff takes there.

11.     As Plaintiff made his way down the sidewalk along Dolores Street between Seventh and Ocean, the American Art Gallery caught his attention. Plaintiff noticed several appealing pieces, and it looked like the kind of place he would normally enjoy visiting. However, almost immediately he saw the two steps leading up to the entrance.



12.     It became readily apparent that he was not going to be allowed to go inside this particular gallery, even though Plaintiff had been able to visit several others in the area without issue. Plaintiff enjoys viewing artwork and hopes to one day purchase a piece that truly speaks to him, but that opportunity was denied here because of an entirely avoidable barrier.

13.     There was no ramp, alternate entrance, or signage indicating any accessible path of travel. Nor was there a doorbell or call button that would have allowed staff to bring out a

temporary ramp, a readily achievable solution often used in older or historic areas where permanent structural changes may be not feasible. The absence of any such accommodation made The Gallery completely unusable to Plaintiff. After pausing briefly outside, Plaintiff continued along his way.

14.     The experience was frustrating and disappointing. The lack of access excluded Plaintiff entirely from a business he wanted to visit and support. Plaintiff has been deterred from returning until an accessible entrance is provided, but once it is, Plaintiff would gladly visit again to view and potentially purchase artwork.

15.     These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's accessibility expert.

**FIRST CLAIM:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

16.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

17.     At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendants' conduct.

18.     Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

19.     "Private entities" that are "public accommodations" under the ADA include a "sales or rental establishment" such as The Gallery. 42 U.S.C. § 12181(7)(E)).

20.     Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

afforded to people without disabilities by not providing an accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at The Gallery) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to construct The Gallery in compliance with applicable federal standards for accessibility; (d) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (e) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

21.    Here, the barrier at the Gallery's entrance can be removed without undue difficulty or expense. Constructing a short, fixed ramp with a proper slope that meets ADA regulations would be a straightforward and low-cost modification requiring minimal materials and labor. Such construction would not alter the aesthetic character of the building and would immediately provide access to wheelchair users and others with mobility impairments. The benefits of providing accessible entry far outweigh any potential costs associated with removing the barrier. Further, the Department of Justice has long recognized that installing ramps is a readily achievable forms of barrier removal. 28 C.F.R. § 36.304(b)(1).

22.    Even if constructing a permanent ramp is not readily achievable, several alternative methods of providing access are readily achievable. Defendants could, for example, maintain a portable ramp with a proper slope that can be safely deployed upon request or designate an alternate accessible entrance with clear directional signage.

23.    The California Attorney General has emphasized that accessibility compliance is not excused simply because a business views a barrier as minimal or insignificant. In a letter dated August 3, 2003 regarding disability access enforcement, the Attorney General stated: "While a violation may be minor in the eye of a business owner, the violation may not be minor to a person with a disability." This observation applies directly here, where two steps at The

Gallery's entrance, though easily overlooked by others, create a complete barrier to access for wheelchair and scooter users.

24.    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

25.    Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below:

**SECOND CLAIM:**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code §§ 51 et seq.]**

**(Against all Defendants and each of them)**

26.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

27.    The Gallery is a business establishment within the meaning of the Unruh Act.

28.    Defendants are the owners and/or operators of a business establishment.

29.    Defendants violated the Unruh Act by their acts and omissions:

a.    Failure to construct or alter The Gallery in compliance with state building code and state architectural requirements ("CBC").

b.    Failure to remove known barriers to access at The Gallery;

c.    Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of The Gallery;

d.    Failure to maintain accessible features;

e.      Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

30.      Plaintiff has experienced barriers to access at The Gallery, all of which have caused him difficulty, discomfort, and/or embarrassment.

31.      On information and belief, The Gallery is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

32.      These barriers to access render The Gallery inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

33.      Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

34.      On information and belief, the access features of The Gallery have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

35.      At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

36.      Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled

to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff is also entitled to injunctive relief and reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

**(Against all Defendants and each of them)**

37.    Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

38.    The Gallery is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

39.    The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40.    The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

41.    The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

42.    Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following:

a.    Failure to construct or alter The Gallery in compliance with state building code and state architectural requirements;

b.      Failure to remove known barriers to access The Gallery;

c.      Failure to modify policies and procedures as necessary to ensure Plaintiff

full and equal access to the accommodations, advantages, facilities, privileges, or

services of The Gallery;

d.      Failure to maintain accessible features; and

e.      Violation of the ADA, a violation of which is a violation of the DPA. Cal.

Civil Code § 54.1(d).

43.      Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to

damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment.

Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

**FOURTH CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

44.      Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the

allegations contained in all paragraphs of this Complaint and incorporates them herein as if

separately repled.

45.      Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities
> constructed in this state with private funds adhere to the provisions of Chapter 7
> (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.
> For the purposes of this part "public accommodation or facilities" means a
> building, structure, facility, complex, or improved area which is used by the
> general public and shall include auditoriums, hospitals, theaters, restaurants,
> hotels, motels, stadiums, and convention centers. When sanitary facilities are
> made available for the public, clients or employees in such accommodations or
> facilities, they shall be made available for the handicapped.

46.      Health & Safety Code §19956, which appears in the same chapter as §19955,

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

1  provides in pertinent part, "accommodations constructed in this state shall conform to the

2  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the

3  Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to

4  all public accommodations constructed or altered after that date.

5      47.    On information and belief, portions of The Gallery and/or of the building(s) were

6  constructed and/or altered after July 1, 1970, and substantial portions of The Gallery and/or the

7  building(s) had alterations, structural repairs, and/or additions made to such public

8  accommodations after July 1, 1970, thereby requiring The Gallery to be subject to the

9  requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration,

10  structural repairs or additions per Health & Safety Code §19959.

11      48.    Under the authority delegated by Government Code §4450, et seq., the State

12  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

13  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

14  Regulations, and these regulations must be complied with as to any alterations and/or

15  modifications of The Gallery and/or the building(s) occurring after that date. Construction

16  changes before this date but after July 1, 1970 triggered access requirements under the "ASA"

17  requirements, the American Standards Association Specifications, A117.1-1961.

18      49.    On information and belief, at the time of the construction and modification of said

19  building, all buildings and facilities covered were required to conform to each of the standards

20  and specifications described in the American Standards Association Specifications and/or those

21  contained in the California Building Code.

22      50.    The Gallery is a "public-accommodations or facilities" within the meaning of

23  Health & Safety Code §19955, *et seq.*

24      51.    As a result of the actions and failure to act of Defendants, and because of the

25  failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's

26  right to full and equal access to public facilities and suffered a loss of civil rights and rights as a

27  person with physical disabilities to full and equal access to public facilities.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

WHEREFORE, Plaintiff requests relief as outlined below.

**<u>PRAYER FOR RELIEF:</u>**

1.      Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.      Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove known architectural barriers at The Gallery to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter The Gallery in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.      Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

        a.      From continuing the unlawful acts, conditions, and practices described in this Complaint;

        b.      To provide reasonable accommodation for persons with disabilities at The Gallery;

        c.      To ensure that persons with disabilities are not denied equal benefits at The Gallery;

        d.      To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

        e.      To maintain such accessible facilities once they are provided;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

f.      To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at The Gallery; and

g.      To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Facilities.

4.      Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5.      Award to Plaintiff all appropriate damages, including but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof

6.      Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7.      Plaintiff requests prejudgment interest under California Civil Code § 3291;

8.      Plaintiff requests interest on monetary awards as permitted by law; and

9.      Plaintiff requests any other relief that this Court may deem just and proper.

Date: October 25, 2025                          ALLACCESS LAW GROUP

_____/s/ Irakli Karbelashvili_____
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
13

# JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: October 25, 2025                               ALLACCESS LAW GROUP


                                        */s/ Irakli Karbelashvili*
                                        By IRAKLI KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14